IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DANIEL L. DUMONDE              *

    Plaintiff,                 *

        v.                      *           2:08-CV-431-MHT
                                                          (WO)

STATE OF ALABAMA, *et al.*,    *

    Defendants.                *

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 1442(a)(1) the above-captioned action has been removed to this court by the United States which is substituted as a party defendant for John Bradley Felton in accordance with the provisions found in 28 U.S.C. § 2679(d)(2). In this removal action, Plaintiff complains about matters and events related to his federal prosecution and conviction in the United States District Court for the Northern District of Alabama for violations of 18 U.S.C. § 513(a). At the time Plaintiff filed his complaint in state court, he was an inmate incarcerated at the Federal Prison Camp located in Montgomery, Alabama.[1]

Upon review of the factual allegations presented in this action, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.

---

[1] Plaintiff is presently in federal custody at a county jail located in Cullman, Alabama, where he is being held on federal escape charges. (*See Doc No. 1*.)

**DISCUSSION**

Pursuant to 28 U.S.C. § 1391(b), a civil action "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The defendants named to Plaintiff's complaint all reside in the Northern District of Alabama. All of the actions about which Plaintiff complains occurred within the jurisdiction of the United States District Court for the Northern District of Alabama. Accordingly, the witnesses and evidence associated with those claims relevant to Plaintiff's complaint are all located in the Northern District of Alabama Thus, it is clear from the face of the complaint that the most appropriate venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before **June 23, 2008** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of June 2008.

        /s/ Wallace Capel, Jr.

WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE